RYAN, Judge
(concurring in the judgment):
I agree with the majority’s conclusion that “the convening authority erred by restricting the role of Appellant’s detailed defense counsel during the pretrial proceedings, including the proceedings concerning the Article 32 investigation and pretrial agreement negotiations.” United States v. Wiechmann, 67 M.J. 456, 462 (C.A.A.F.2009). I write separately because I do not believe, as the majority opinion ‘“assume[s] without deciding,’” id. at 463-64 (quoting United States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981)), that the convening authority’s refusal to recognize the power vested in and exercised by the detailing authority by statute, see Article 38(b)(6), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 838 (2000) (providing that the detailing authority “in his sole discretion” may choose to appoint a second defense counsel), qualifies as constitutional error.
Because the Government does not challenge the conclusion by the Court of Criminal Appeals that the convening authority’s refusal to recognize Lieutenant Colonel (Lt. Col.) Shelburne burdened his attempts to fully represent Appellant,; I, like the majority, accept that conclusion as the law of the case. United States v. Parker, 62 M.J. 459, 464 (C.A.A.F.2006) (“When a party does not appeal a ruling, the ruling of the lower court normally becomes the law of the case.”). But Appellant has likewise not disputed that during all times in which Lt. Col. Shelburne’s participation was limited, Appellant was fully represented by Captain (Capt.) Snow. At oral argument, Appellant conceded that Capt. Snow was competent and qualified to be his defense counsel; that at all times he had effective assistance of counsel; and that there was no instance in which Capt. Snow’s representation was deficient. While I believe reaching the constitutional issue at all to be unnecessary, under the circumstances of this case there is no basis for even suggesting that Appellant’s Sixth Amendment rights were violated by the limitations placed on Lt. Col. Shelburne.
The Sixth Amendment guarantees that “‘[i]n all criminal prosecutions, the accused shall ... have the Assistance of Counsel for his defence.’ The core of this right has historically been, and remains today, ‘the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial.’ ” Kansas v. Ventris, — U.S. -, 129 S.Ct. 1841, 1844-45, 173 L.Ed.2d 801 (2009) (citation omitted) (brackets and ellipsis in original). But “[n]ot every restriction on counsel’s time or opportunity to investigate or consult with his client or otherwise to prepare for trial violates a defendant’s Sixth Amendment right to counsel.” Morris v. Slappy, 461 U.S. 1, 11, 13-14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (finding there is no Sixth Amendment right to “a meaningful attorney-client relationship” and that denial of a continuance to give an attorney who was appointed to appellant’s case six days before trial more time to prepare was not an abuse of discretion). Further, as the majority acknowledges, a military accused has neither the absolute right to detailed counsel of choice, nor the right to the assistance of two counsel. Wiechmann, 67 M.J. at 458; see Article 38(b)(3)(B), UCMJ (“The accused may be represented by military counsel of his own selection if that counsel is reasonably available” as determined by applicable service regulations); Article 38(b)(6), UCMJ (“The accused is not entitled to be represented by more than one military counsel.”).
*465 The scenario in which a defendant has two attorneys and one is prevented from participating in a particular stage of the proceedings appears to be a rare subject of litigation in the federal courts. One situation where it has arisen is when defense counsel has requested a continuance to allow both counsel to be present. On appeal, the reviewing courts have applied an abuse of discretion standard without any mention of the Sixth Amendment. United States v. Riccobene, 709 F.2d 214, 231 (3d Cir.1983); United States v. McManaman, 653 F.2d 458, 460-61 (10th Cir.1981). In both Riccobene and McManaman, the court found no abuse of discretion both because the second and participating attorney was qualified and competent to represent the accused and because there was no assertion that the resulting representation was inadequate or ineffective. See Riccobene, 709 F.2d at 231 (finding no abuse of discretion because appellant’s “other attorney had the experience and capability to represent” appellant and because appellant “d[id] not claim [his] representation was in any way inadequate”); McManaman, 653 F.2d at 460 (finding no abuse of discretion because attorney who was available when the trial began was competent and well-prepared and because “there [was] no real suggestion that [appellant] did not receive the assistance of competent counsel at his trial”). Similarly, in this case, Appellant was at all times represented by at least one counsel he conceded was competent, and there is no allegation of ineffective representation at any stage of the proceedings.
Of course, the military right to counsel is broader than the right to counsel guaranteed to civilians. See, e.g., United States v. Johnson, 21 M.J. 211, 213 (C.M.A.1986) (“[O]ur starting premise is that Congress intended to bestow on servicemembers a right to counsel unparalleled in civilian criminal trials.”). But these broader rights are the creations of statute and regulation, not of the Constitution. See id. at 213-15 (discussing rights guaranteed by Article 38, UCMJ); United States v. Gnibus, 21 M.J. 1, 5-7 (C.M.A.1985) (discussing history of right to counsel in the military as defined by the UCMJ and its statutory predecessors).
Article 38(b)(6), UCMJ, provides that “the person authorized under regulations prescribed under [Article 27, UCMJ, 10 U.S.C. § 827 (2000)] to detail counsel in his sole discretion may detail additional military counsel” to an accused. I agree that a convening authority who does not honor such an additional detailing has erred. Once a defense counsel has been detailed under Article 38, UCMJ, and an attorney-client relationship has been established, only the detailing authority may sever that relationship, and only then under limited circumstances. See Rule for Courts-Martial (R.C.M.) 505(d)(2) (outlining circumstances in which the detailing authority, not the convening authority, may excuse or change defense counsel once that counsel has formed an attorney-client relationship with the accused).
However, under the facts of this case, I cannot agree with the suggestion that this error could be a Sixth Amendment violation or an infringement of “Appellant’s right to the assistance of counsel under Article 27,” as the majority concludes. Wiechmann, 67 M.J. at 462, 463-64. The majority’s suggestion that interference with one counsel while Appellant was fully represented by a second competent counsel could constitute a Sixth Amendment violation is both incorrect and an unnecessary assumption, given the statutory violation we all agree exists. Nor do United States v. Eason, 21 C.M.A. 335, 45 C.M.R. 109 (1972), and United States v. Tellier, 13 C.M.A. 323, 32 C.M.R. 323 (1962), offer any support for a Sixth Amendment inquiry: Neither case presented the issue of severance of an attorney-client relationship in the context of an Article 27, UCMJ, “assistance of counsel” or Sixth Amendment claim. Instead, both cases were grounded in the statutory question whether the appellant’s rights under Article 38, UCMJ, had been violated. Eason, 21 C.M.A. at 339-40, 45 C.M.R. at 113-14 (upholding Court of Military Review conclusion that there was prejudice in the government’s refusal to appoint appellant’s personally selected military counsel in violation of Article 38, UCMJ); Tellier, 13 C.M.A. at 326-28, 32 C.M.R. at 326-28 (emphasizing that precedent from the boards of review and *466 “the clear and unequivocal command of the statute’s language”. lead to the conclusion that “an accused is entitled as a matter of right to the association of his appointed defense counsel with his individually employed attorneys”).[1] ,
In this case, the ¡chief defense counsel of the Marine Corps détailed an additional military counsel, Lt. Col. Shelburne, to Appellant’s case. Because the convening authority declined to accept this detailing as valid, he improperly refused to recognize authority conferred solely on the detailing authority by Article 38, UCMJ, and R.C.M. 505. As an error under the UCMJ and the Rules for Courts-Martial, it should be assessed under Article 59, UCMJ, 10 U.S.C. § 859 (2000), to determine whether the error materially prejudiced Appellant’s “substantial rights.”
For the same reasons cited by the majority in support of its conclusion that the error was harmless beyond a reasonable doubt, I agree that there was no material prejudice to Appellant’s substantial rights. Wiechmann, 67 M.J. at 463-64. I respectfully concur in the judgment.

. Of course, both cases were decided under a prior version of Article 38, UCMJ, which was interpreted to establish a statutory right to representation by two military counsel. See Article 38(b), UCMJ, 10 U.StC. § 838(b) (1964) ("Should the accused have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed shall, if the accused so desires, act as his associate counsel.") (emphasis added). A subsequent revision of Article 38, UCMJ, clarified the fact that a military member is not entitled to two military counsel, although the person authorized under the applicable service regulations to detail counsel may detail a second military counsel "in his sole discretion.” Military Justice Amendments of 1981, Pub.L. No. 97-81, § 4(b), 95 Stat. 1085, 1088.